**DAUGHERTY et al. v. McCALMONT.**

No. 12475.

Court of Civil Appeals of Texas. Fort Worth. June 6, 1931.

**140**

Donald & Donald, of Bowie, and W. W. Alcorn, of Fort Worth, for appellants.

J. E. Whitehead and Vern D. Adamson, both of Dallas, for appellee.

BUCK, J.

On December 3, 1929, plaintiffs, J. G. Daugherty and wife, Addie Daugherty, and C. T. Bryson, all of Wise county, filed suit in the form of a bill of review against S. M. McCalmont, a resident of the state of Illinois, and George Gage, sheriff of Wise county, and for cause of action pleaded that the defendant S. M. McCalmont instituted a suit on September 24, 1928, wherein he sought a judgment on a certain promissory note in the principal sum of $1,300, together with interest, executed by C. T. Bryson and his wife, payable to the Union Mortgage Company, and to foreclose a deed of trust lien executed to secure the note above mentioned, on a certain tract of land about 3½ miles southeast of the town of Sunset, containing 100 acres and located in Wise county.

It was alleged that the land described in the deed, dated January 21, 1924, from J. G. Daugherty and wife to C. T. Bryson, was duly recorded in the deed records of Wise county. It was further alleged that in the suit in which McCalmont was plaintiff it was alleged that said note was executed in lieu of one certain vendor's lien note executed by C. T. Bryson in the sum of $1,000, dated January 1, 1924, and due January 31, 1934, payable to J. G. Daugherty, or order, to secure which a vendor's lien was retained upon said land; that said note had been likewise assigned by J. G. Daugherty to the Union Mortgage Company and to evidence which the note and deed of trust was executed by said C. T. Bryson and wife.

Plaintiffs in this suit alleged that they were the one and same parties mentioned in the former suit as defendants, and that they employed the firm of Donald & Donald, lawyers of Bowie, Tex., to represent them, and that pursuant to such employment they filed in said cause No. 81009 their answer on October 29, 1928, and did pursuant thereto pay into said court a jury fee of $5, a copy of defendants' answer being attached to this petition, and marked "Exhibit B," which in all things sets forth a good and meritorious defense to the original suit as instituted by said defendant as plaintiff in cause No. 81009.

It was further alleged that the transaction of deeding the land by Daugherty and wife to C. T. Bryson was a simulated transaction, for the reason that at all times said land and farm was in fact the homestead of said Daugherty and wife, and, therefore, that the making of the pretended lien as mentioned and referred to contravened the rights of the said J. G. Daugherty and wife and was void. That the plaintiffs represented that after the issues had been joined in cause No. 81009 the suit was placed on the jury docket of said court and set down for trial, but on account of sickness of the defendant Mrs. Addie Daugherty, a postponement was granted; that the papers in said case showed that the defendants had duly answered and were represented by Donald & Donald, and that Donald & Donald got in touch with W. W. Alcorn, of Fort Worth, who in turn got in touch with the attorney representing plaintiff in said cause, and the case was postponed by agreement as aforesaid. That since said time no further setting for trial was had in said cause and no notice whatsoever given to the attorneys for defendants, or defendants themselves, save and except that on September 23, 1929, J. E. Whitehead, an attorney at Dallas, wrote Donald & Donald a letter wherein the following inquiry was made:

"You filed answer in the above alleged cause, and we understand that the defense is to be abandoned. This is to inquire whether or not we are correct in our understanding."

That immediately upon receipt of said letter and on September 24, 1929, Donald & Donald wrote to J. E. Whitehead at his known address, and told him that there was a mistake in his understanding that the defense in the case of McCalmont v. Bryson et al. was to be abandoned; and that the defendant J. G. Daugherty and wife had filed an answer in said cause and intended to prosecute the defense to a conclusion, for beyond question each and every statement as made in said answer was true, and that his agent as well as himself knew, or should know, such to be the case. That counsel for defendants were ready to try the case whenever suitable arrangements could be made to suit the convenience of all parties. That they would like to have three or four weeks' notice in advance so that they could get all of their witnesses ready to attend court, and they desired to give Whitehead the same opportunity of ample time to arrange for his interest in the case. The letter concluded with this statement:

"Assuring you of our best wishes and kindest regards, and awaiting to hear from you in reference to matter, we are

"Yours truly,　　　Donald & Donald."

It was further alleged that notwithstanding the fact that they had duly and timely answered in said cause, and notwithstanding the fact that said cause was on the jury docket and one postponement had been granted, and notwithstanding the letters last mentioned between Whitehead and Donald & Donald, on September 25, 1929, a judgment was asked for plaintiff, which judgment purported to be based upon the fact that the defendants had not answered, but had made default when in fact there was then at that time an answer

on file and such correspondence, by letter and over the telephone between counsel for defendants, plaintiffs here, and counsel for the plaintiff in the other suit, warranted the conclusion that the case would not be set for trial without a sufficient time being allowed for the parties to get their witnesses, and to notify the opposite party of the setting. Plaintiffs alleged that they were not advised of this judgment until after the term had expired, some time in November.

Plaintiffs further alleged that as defendants in cause No. 81009 they were ready and willing to proceed to trial at any time to adjudicate the questions involved in said suit; that they had a meritorious defense to plaintiffs' suit in that case, as set forth in the answers filed thereto, because the petition filed in cause No. 81009 was wholly insufficient, either in law or in equity, to show any cause of action against them, or either of them; because in said suit an attempt was made to obtain personal judgment against the defendant Mrs. Addie Daugherty, the wife of J. G. Daugherty, and therefore under coverture; because said petition in the former suit showed that said obligation upon which the suit was predicated was not for her benefit or for the benefit of her separate estate, or for necessities; because the plaintiffs in the former suit came into possession of said note after maturity, and were not innocent purchasers for a valuable consideration without notice, as alleged in said petition. That the property upon which a foreclosure was sought was the separate property of Mrs. Addie Daugherty, and at all times said property was occupied and used by them as a homestead for herself and her husband and their six children; that said note described in said petition in the former suit was not executed for the purpose of taking care of a part of the consideration paid for said property, or for taxes, or for improvements, but merely was to evidence a plain debt owing by said J. G. Daugherty; that at the time when said property was then and there occupied by said defendants, J. G. Daugherty and wife, the said note in question was executed, and the Union Mortgage Company should have known and could have known by the use of reasonable diligence that the said property was the homestead of J. G. Daugherty and wife, and, therefore, the pretended lien was ineffective and unenforceable; that no title ever passed into the said C. T. Bryson, and that such transaction was only had in an attempt to get around the law, which forbids the giving of a lien on a homestead, and was a simulated transaction for the purpose; that said deed, which it was claimed was executed by J. G. Daugherty and wife, was without force and effect, in that at the time it was executed it was then their homestead and occupied by them and said deed was insufficient to convey title in that no legal acknowledgment of Mrs. Addie Daugherty was made before a notary public, as required by law, for at the time of the execution of said purported deed, said Mrs. Daugherty was then in Wise county and the notary public who attempted to take said acknowledgment was only a notary in and for Montague county; further, there was no separate acknowledgment of said Mrs. Daugherty taken separate and apart from her husband, as required by law.

It was further alleged in this petition that by virtue of the letter received from the attorney for defendant S. M. McCalmont, plaintiff in cause No. 81009, and the letter written by him to Donald & Donald, and the answer thereto, together with other, various, and sundry letters and verbal understanding over the telephone, there did exist a mutual understanding that said cause was not to be tried without further notice or agreement between the attorneys representing both parties. That notwithstanding such judgment was taken without any notice whatsoever having been given to defendants' attorneys in that case, Donald & Donald, Bowie, Tex., who were well known to J. E. Whitehead, attorney for plaintiff S. M. McCalmont, to be attorneys representing plaintiffs, defendant in the original suit No. 81009, and by reason thereof such judgment should be in all things set aside, vacated, and held for naught, and said suit should be reinstated and a trial had upon the merits.

Plaintiffs in this bill of review prayed for a writ of injunction, restraining the defendant George Gage, sheriff of Wise county, from making a sale of said property until the cause of action had been finally determined, and that defendant S. M. McCalmont be also restrained from selling the property. The petition was duly verified by June Donald. The district judge granted the prayer for injunction.

Among the exhibits attached to said petition was plaintiffs' petition in the former suit and defendants, Mr. and Mrs. Daugherty's answer thereto, and recitation that in the former suit the jury were peremptorily instructed to find for plaintiff S. M. McCalmont, against J. G. Daugherty and wife and C. T. Bryson and wife, in the sum of $———, with interest and attorneys' fees, and a foreclosure upon the land described in said original petition.

Defendant S. M. McCalmont answered the petition of these plaintiffs by a number of special exceptions, and specifically denied that the judgment was procured through any fraud on behalf of the defendant or his attorney, and asserted that defendant had been damaged in the actual sum of $200, and prayed for such damages and attorneys' fees of $150. The answer was verified by J. E. Whitehead. Plaintiff filed a replication to

142

defendants' answer, consisting of several special exceptions.

The cause came on for trial, and the defendant requested that the term "negligence" be defined, and also requested the submission of the issue as to whether or not the jury found upon the preponderance of the evidence that J. G. Daugherty and wife were negligent in failing to appear in their behalf when judgment in cause No. 81009 was rendered on September 25, 1929. These requests for instruction and issues submitted were refused by the court, and the trial court also refused a special issue to the jury as to whether they found upon a preponderance of the evidence that the deed from J. G. Daugherty and wife to Bryson was without consideration and thereby merely a simulated transaction in order to create a mortgage on the homestead of the Daughertys. And other instructions were submitted but were refused. The court gave a peremptory instruction for the defendant S. M. McCalmont and against the plaintiffs, and in response to said verdict so found upon a peremptory instruction the jury found for the defendant and against the plaintiffs.

Through a misunderstanding by W. W. Alcorn of the instructions given to him, he did not file an answer for Bryson in the former suit, but did file an answer for J. G. Daugherty, in which answer Daugherty adopted the answer of his wife, formerly filed. From this judgment the plaintiffs have appealed to this court.

Opinion.

The trial court evidently in his action in instructing a verdict for the defendant, and in entering the judgment, did so upon the theory that a demurrer to the testimony should be sustained. The judgment in part reads as follows: "Whereupon, the defendant, S. M. McCalmont, at the close of plaintiffs' testimony, then and there in open court entered his demurrer to the testimony adduced by the plaintiffs, and moved the court to instruct a verdict for the defendant and against the plaintiffs; and after hearing argument of counsel, and being fully advised upon the law, the court on the 30th day of April, 1930, instructed the jury" to find peremptorily for the defendant.

While counsel for appellee argued that the court was authorized under the testimony to find that W. W. Alcorn had been guilty of laches, and that he had been employed by June Donald to represent J. G. Daugherty and that he wrote J. G. Daugherty's answer, the facts show that W. W. Alcorn was not employed to represent either of the Daughertys, but that June Donald telephoned to him, from Bowie, to file an answer for C. T. Bryson. Alcorn went over to the courthouse and, finding no answer for J. G. Daugherty, concluded that an answer should be filed

for him, which he did, adopting the allegations in the answer filed for Mrs. Daugherty. Therefore, Alcorn was never employed to file an answer for J. G. Daugherty, and any laches of which he was guilty could not be properly charged against J. G. Daugherty or Mrs. Addie Daugherty. The court did not render the judgment by reason of any laches of W. W. Alcorn, but he sustained a demurrer to the evidence. The testimony of J. G. Daugherty and Mrs. Daugherty was to the effect that J. G. Daugherty owed the bank at Sunset some $900, and had given a chattel mortgage on some cattle, and probably some horses, and that W. F. Robertson, the president of the bank, accompanied by a Mr. Jones, an employee of the Union Mortgage Company, came over to the Daugherty farm on or about January 31, 1924, and Robertson said to both of them that he had to have some money and requested and demanded that Daugherty sign a deed to C. T. Bryson. That Daugherty did affix his signature to said deed, and Mrs. Daugherty also affixed her signature to said instrument, but that the notary did not examine her privily and apart from her husband and did not explain the purposes for which the instrument was executed, and that he was not a notary in and for Wise county. But appellee urges that a notary's certificate may not be set aside and vacated on the testimony alone of the interested parties, the grantors. That "the general rule, in the absence of any statute providing otherwise, is that where a grantor has appeared and makes some kind of acknowledgment before an officer having jurisdiction, a certificate, regular in form, is conclusive as to all those matters which the officer is required by law to certify." 1 Corpus Juris, p. 886, § 267. This quotation further says, "and in the absence of any showing of fraud or imposition in the procurement of the acknowledgment, cannot be impeached by merely denying that the acknowledgment was taken in the manner certified by the officer."

In the case of Lummus v. Alma State Bank (Tex. Civ. App.) 4 S.W.(2d) 195, 198, the bank prosecuted a suit against A. J. Lummus and wife for the recovery of a certain house and lot in the town of Alma, Ellis county. The bank sought to recover said property by virtue of what purported upon its face to be a warranty deed, duly executed by Lummus and wife to J. W. Richards, and by Richards to the bank. Lummus and wife contended that said purported deed to Richards was intended as a mortgage; that they understood it to be a mortgage to secure $2,400, which they owed the bank, and that it was so explained to Mrs. Lummus, and at the time she signed same she thought it was a mortgage; and that she never acknowledged the instrument with

the intention of conveying title to the property. The Waco Court of Civil Appeals held that said instrument did not convey the title, and rendered judgment reversing the judgment and remanding the cause. The court said: "The rule seems to be well settled in this state that, where a married woman, who has with her husband signed a deed conveying the homestead or her separate property, appears before an officer authorized to take acknowledgments for the purpose of acknowledging such conveyance, and the officer fails to do his duty in taking such acknowledgment, but makes a certificate which shows a full compliance with the law, such certificate is conclusive upon the married woman in favor of an innocent vendee who paid value for it without notice that the officer failed to perform his duty as required by law. [Citing cases.] But where it is shown that the married woman has not appeared before the officer for the purpose of acknowledging the execution of the deed, and no acknowledgment has in fact been made, she having in no way invoked the exercise of the officer's authority in that respect, the certificate, however formal, is not binding upon her, even in favor of an innocent purchaser and for value." (Citing cases.)

■ This case does not seem to have been passed on by the Supreme Court, but other cases cited in this decision have been passed on by the Supreme Court, and we conclude that the holding in this decision presents the law.

■ The evidence indicates that the farm was located in Wise county, shown aliunde of the testimony of J. G. Daugherty and wife by the fact that the deed was filed for record in Wise county. The fact that said notary acknowledged the instrument as a notary public in and for Montague county shows that he was not a notary for Wise county. A notary public may not perform his duties in any other county than that for which he was appointed, the county of his residence. It seems from the case of Lummus v. Bank, supra, that where fraud is charged in the taking of the acknowledgment, either by the notary or by some one else, that the signature to the acknowledgment in due form does not obtain even as against an innocent purchaser, as would be the case where no fraud was alleged and established, and even the testimony of the grantors attacking the instrument may be sufficient to set aside the deed or instrument as against an innocent purchaser.

In Breitling v. Chester, 88 Tex. 586, 32 S. W. 527, the Supreme Court, in an opinion by Chief Justice Gaines, sustained a judgment of the Court of Civil Appeals (30 S. W. 464), reversing the judgment of the district court and remanding the cause. In the cited case it was held that a casual admission in the presence of a notary, by one who has signed a conveyance, that he had executed a deed, does not empower the officer to certify that he has acknowledged it. Especially so, is this true of a married woman.

It will be remembered that plaintiffs introduced a letter from J. E. Whitehead, the president of the Union Mortgage Company, and evidently the agent of S. M. McCalmont, in the purchase of the mortgage, in which the writer stated that his company had to purchase the loan back from the investor to whom they had sold it. On the witness stand Whitehead said that this was a mistake, but were not the jury entitled to decide which of the statements were true, whether S. M. McCalmont was the proper party plaintiff in the original suit or the Union Mortgage Company?

For the reasons stated, the judgment below is reversed, and the cause remanded with instructions to the trial court to hear the bill of review on its merits.