## WARD v. VALAND et al.
### No. 3892.

Court of Civil Appeals of Texas. El Paso.
Nov. 23, 1939.

Rehearing Denied Jan. 4, 1940.

M. V. Ward, of El Paso, for appellant.

Theo. Andress, of El Paso, for appellee.

HIGGINS, Justice (after stating the case as above).

The petition was verified by the petitioners in Norway before a notary public of that Kingdom. It is objected that a notary public commissioned under the laws of Norway had no authority to take the affidavits of the petitioners. Article 26, Revised Statutes, provides:

"All oaths, affidavits or affirmations may be administered and a certificate of the fact given:

\*    \*    \*    \*    \*    \*

"3. If without the United States, before any notary public, or any minister, commissioner or charge d'affaires of the United States, resident in and accredited to the country where the affidavit may be taken, or any consul general, consul, vice-consul, commercial agent, vice-commercial agent, deputy consul, or consular agent of the United States, resident in such country."

As we understand appellant's theory, the words "notary public" appearing in the third subsection of said Article are qualified by the phrases "resident in and accredited to the country where the affidavit may be taken" and "resident in such coun-

try." The words "notary public" are followed by the word "or," and the qualifying phrases mentioned have no relation to or qualifying effect upon the words "notary public." The objection indicated is without merit.

The sufficiency of the citation to the unknown heirs of Spelling and service thereof are questioned. We express no opinion as to the merits of the sufficiency of such citation and service. Assuming they were defective, the unknown heirs have not appealed from the judgment rendered. The Court had complete jurisdiction over the Administrator, and the judgment rendered is conclusive upon such Administrator and will protect him in any action taken by him in obedience to the judgment. Article 3595, R.S. He is not in a position to complain of the defect, if any, in the citation to the unknown heirs and the service thereof. They have not seen fit to appeal from the judgment rendered.

This disposes of all questions presented by appellant.

The judgment is affirmed.