**H. R. CASEY et al, Appellants,**

**v.**

**WESTERN OIL AND GAS, INC., Appellee.**

**No. 5534.**

Court of Civil Appeals of Texas, Eastland.

Dec. 18, 1980.

Rehearing Denied Feb. 5, 1981.

Allen Glenn, Glenn, Thomas & Paynter, Abilene, for appellants.

W. H. Hoffman, Jr., Hoffman & Siebert, Eastland, for appellee.

DICKENSON, Justice.

The controlling question is whether a 1929 oil and gas lease terminated when production ceased for two months in 1977.

Plaintiffs, H. R. Casey and others who own or claim surface and mineral rights in an 80 acre tract, sued Western Oil and Gas, Inc. Plaintiffs asked that Western's oil and gas lease "be declared terminated." Following a nonjury trial, judgment was ren-

dered on May 29, 1980, that Plaintiffs take nothing and declaring that Western's oil and gas lease is in full force and effect. Plaintiffs appeal. We affirm.

The trial judge made the following findings of fact and conclusions of law pursuant to Tex.R.Civ.P. 296:

## FINDINGS OF FACT

(1) On or about the 16th day of March, 1929, S. A. Casey, et al executed an Oil and Gas Lease to W. T. Garrett, et al on approximately 80 acres of land located in Eastland County, Texas, by instrument dated March 16, 1929 and recorded in Volume 301, Page 231 of the Deed Records of Eastland County, Texas.

(2) On or about the 1st day of October, 1975, H. J. Blakley, et ux assigned the above described Oil and Gas Lease to Western Oil and Gas, Inc. in an instrument dated October 1, 1975 and recorded in Volume 633, Page 281 of the Deed Records of Eastland County, Texas.

(3) Western Oil and Gas, Inc. produced the above described Oil and Gas Lease from October 1, 1975 until the last day of October 1977.

(4) Western Oil and Gas, Inc. did not produce the above described Oil and Gas Lease in November and December of 1977, all of 1978, and from January to October of 1979.

(5) Western Oil and Gas, Inc. did not produce the above described Oil and Gas Lease, as they were prepared to do, in November and December of 1977 as Lone Star Gas Co., purchaser of their product, refused to accept any gas in their gathering lines unless Western Oil and Gas, Inc. installed a gas compressor unit to overcome the gathering line pressure.

(6) Western Oil and Gas, Inc. did not produce the above described Oil and Gas Lease, as they were prepared to do, in November and December of 1977 as they were in the process of renegotiating a gas purchase contract with Lone Star Gas Co. which previously expired in September of 1977.

(7) Western Oil and Gas, Inc. did not produce the above described Oil and Gas Lease, as they were prepared to do in November and December of 1977 as three (3) electric motors used to produce the lease were stolen on three separate occasions.

(8) Western Oil and Gas, Inc. did not produce or file reports with the Texas Railroad Commission in 1978 as the lease gate was locked and they were ejected from the above described lease and instructed not to return by Mr. H. R. Casey, surface and royalty owner, in January of 1978.

(9) Western Oil and Gas, Inc. did not produce or file reports with the Texas Railroad Commission in January through October of 1979 as they were ejected from the above described lease and instructed not to return by Mr. H. R. Casey, surface and royalty owner.

(10) H. R. Casey, et al executed some thirty (30) Oil and Gas Leases on the above described property to Sharrock and Smith on or about the 14th Day of January, 1978.

(11) Sharrock and Smith assigned the above described Oil and Gas Lease to Edwin R. Roberts of R & R Producers on or about the 26th Day of April, 1978. Said instrument being recorded in Volume 676, Page 669 of the Deed Records of Eastland County, Texas.

(12) Edwin R. Roberts of R & R Producers, claimed superior title to the above described Oil and Gas Lease by reason of the assigned interest conveyed to him by Sharrock and Smith described above.

## CONCLUSIONS OF LAW

(1) Defendant, Western Oil and Gas, Inc., is the holder of a valid Oil and Gas Lease on the above described property, same being dated October 1, 1975 and recorded in Volume 633, Page 281 of the Deed Records of Eastland County, Texas.

(2) Defendant, Western Oil and Gas, Inc., did not abandon its rights, title and interest in and to said Oil and Gas Lease as a result of Defendant's nonproduction

and no forfeiture of said Oil and Gas Lease has resulted.

(3) Defendant's, Western Oil & Gas, Inc., Oil and Gas Lease on the above described property is in full force and effect.

(4) The claimed leasehold interest of E. R. Roberts of R & R Producers, on the above described property, is without any force and effect.

Plaintiffs have briefed seven points of error. Point one argues that the trial court erred in holding that Western presented a legal excuse for the cessation of production. This point is overruled.

*Watson v. Rochmill*, 155 S.W.2d 783, at 784 (Tex.1941), states in its discussion of an oil and gas lease:

> It appears to be very well settled that under the terms of the lease, upon cessation of production after termination of the primary term, the lease automatically terminates.... The strictness of the above rule has been modified where there is only a *temporary cessation of production* due to sudden stoppage of the well or some mechanical breakdown of the equipment used in connection therewith, *or the like.* Under such circumstances there are authorities which hold that the lessee is entitled to a reasonable time in which to remedy the defect and resume production. (Emphasis added; authorities omitted)

*Amoco Production Company v. Braslau*, 561 S.W.2d 805, at 808 (Tex.1978), discussing the "determinable fee" of a term royalty which is analogous to the "determinable fee" of an oil and gas lease, stated:

> (I)f "production" ceases, the interest terminates by its own terms. The courts have ingrafted upon that concept the holding that temporary cessation of production will not trigger the extinction of the interest.

See also *Stuart v. Pundt*, 338 S.W.2d 167 (Tex.Civ.App.—San Antonio 1960, writ refused), and R. Hemingway, The Law of Oil and Gas § 6.4(B) (1971).

■ Western explained the "temporary cessation" of production on three grounds: (1) it was negotiating a new gas sales agreement with Lone Star Gas Company because the old agreement expired on September 1, 1977; (2) Lone Star Gas Company had disconnected the lease, and a gas compressor unit was required for reconnection; and (3) three electric pump motors had been stolen from the lease. There is evidence which supports the trial court's conclusion that Western holds a valid oil and gas lease on Plaintiffs' land.

■ The second point of error argues that the trial court erred because the findings of fact do not support the judgment. We disagree. Tex.R.Civ.P. 299 states:

> Where findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. The judgment may not be supported upon appeal by a presumption of finding upon any ground of recovery or defense, no element of which has been found by the trial court; but where one or more elements thereof have been found by the trial court, omitted unrequested elements, where supported by evidence, will be supplied by presumption in support of the judgment. Refusal of the court to make a finding requested shall be reviewable on appeal.

There was no request for additional findings of fact under Tex.R.Civ.P. 298, and any omitted unrequested elements which are supported by the evidence and which relate to one or more elements found by the trial court are "supplied by presumption in support of the judgment." Findings of fact 5, 6 and 7 refer to the three grounds used by Western to explain the "temporary" nature of the cessation of production, and the omitted unrequested elements of good faith, diligence and reasonableness are supported by Western's testimony and are, therefore, presumed to have been found in support of the judgment.

■ The next three points of error challenge findings of fact 5, 6 and 7 as not being supported by the evidence. Since

plaintiffs pray for rendition rather than remand, we treat these as "no evidence" points which are tested by the rule stated in *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974). We hold that there is evidence to support each of the challenged findings of fact.

Phil Sells, Western's Secretary-Treasurer, testified that Western bought the Casey lease in 1975 for $15,000 and that it was producing gas at that time. At 13¢ per thousand cubic feet of gas, it was producing about $150 per month in gross revenues. The old gas sales contract expired on September 1, 1977. Western began negotiations for a new agreement with Lone Star Gas Company in early 1977. The new contract raised the price of gas from 13¢ to $1.20 per thousand cubic feet. Western located a gas compressor unit in December of 1977, but Western was ejected from the lease in January of 1978 by H. R. Casey when a crew was attempting to get the lease back into production. Sells also testified that three electric motors were stolen from this lease in 1977. After the third electric motor was stolen, Western delayed in replacing the motor for a fourth time, until they could find out what the problem was. Those motors cost $700 each. The new contract with Lone Star was effective as of September 1, 1977, but it was not actually executed until January of 1978 according to Sells. Lone Star disconnected Western's gas well.

■ Plaintiffs do not complain of the lack of production since Western was ejected from the lease. As pointed out in *Kothmann v. Boley* 158 Tex. 56, 308 S.W.2d 1, at 4 (1957), a lessee is justified in suspending operations pending a judicial determination of the controversy in such a situation.

■ The sixth point of error contends that the trial court erred "in that he relied on incompetent evidence to form the basis of his findings of fact." This point is overruled, for we must presume that any incompetent evidence was not considered by the trial judge in this nonjury case. *Victory v. State*, 158 S.W.2d 760, at 765 (Tex.1942); *Wilcox v. Dillard*, 3 S.W.2d 507, at 513 (Tex.Civ.App.—Amarillo 1927, writ ref'd);

4 McDonald, Texas Civil Practice § 16.04 (rev.1971). Moreover, the new contract with Lone Star Gas Company and the testimony as to Lone Star's requirement for a compressor were not incompetent hearsay, for they were "verbal acts" or operative facts within the rule stated by *Sanders v. Worthington*, 382 S.W.2d 910 (Tex.1964).

■ The final point of error claims that the trial court erred in basing its judgment on an erroneous theory of law. This point is also overruled. Even though the trial court's Conclusion of Law number 2 (quoted in full hereinabove), that there was "no forfeiture," has no bearing on whether the determinable fee under the oil and gas lease automatically terminated, we cannot say that the trial court based its judgment on an erroneous theory of law. The other conclusions of law could well have been based upon the trial court's rulings as to Western's contentions under *Watson v. Rochmill*, supra, *Amoco Production Company v. Braslau*, supra, and *Stuart v. Pundt*, supra. Western's "temporary cessation" of production did not result in an automatic termination of the lease as a matter of law, and the trial court's findings of fact and implied findings support the judgment which was rendered.

The judgment of the trial court is affirmed.