EX PARTE ARTHUR A. STILES.

No. 7848. Decided April 16, 1941.
(150 S. W., 2d Series, 234.)

212

*J. B. Dibrell, Jr.,* of Coleman, and *John Sayles,* of Abilene, for relator.

*Cantey, Hanger, McMahon, McKnight & Johnson* and *Warren Scarborough,* all of Fort Worth, for respondent.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is an original habeas corpus proceeding instituted in this Court by the relator, Arthur A. Stiles, to secure his release from an attachment issued by the Honorable W. M. Waide, acting as a Master in Chancery or Special Commissioner to take the deposition of relator. The material question to be determined is whether or not said Waide had the authority to issue the attachment.

In 1938 two suits in trespass to try title were pending in the 112th District Court of Pecos County, Texas. The Permian Oil Company was the plaintiff in both suits, and the Western Oil & Royalty Company was one of the defendants in each of them. The relator, Stiles, was employed by the Permian Oil Company as a surveyor. Upon the motion of the Permian Oil Company, and with the consent of the defendants in each of the two cases, the court appointed the official court reporter thereof, Honorable W. M. Waide, as Master of Chancery or Special Commissioner to take the relator's oral deposition in Travis County, the county of his residence, on May 30, 1938, to be used in evidence in both of said suits. Later the Permian Oil Company sought to have the order appointing the Master in Chancery set aside, but was unsuccessful. On account of the ill health of the witness the deposition was not taken at that time. On March 15, 1941, the court issued a second order directing the said Master in Chancery or Special Commissioner to proceed to take said oral deposition, and authorizing him to subpoena and attach the witness, if necessary, and to adjourn the place, as well as the time, for the taking thereof until said deposition could be taken. Pursuant to said order the Master in Chancery caused the relator to be subpoenaed to appear and give his deposition at the court house in Tarrant County; and upon relator's failure to so appear, caused the sheriff of Tarrant County to attach the body of the witness and hold him in custody for the purpose of having his deposition taken. The relator applied to this Court for a writ of habeas corpus to secure his release from the custody of the sheriff of Tarrant County.

■ It appears to be well settled that the taking of testimony by deposition is a departure from the common law rules of evidence, and that the right to so take a deposition depends entirely upon statutory provisions therefor. 16 Amer. Jur., p. 700, sec. 3, 18 C. J., p. 606, sec. 2. Our State has adopted both the common law rule of decision (Revised Statutes, Article 1) and the common law rules of evidence (Revised Statutes, Article 3713). Consequently it is the rule in this State that the right to take the deposition of a witness depends entirely on the statutes, and that the provisions of the statutes must be strictly complied with. Garner v. Cutler, 28 Texas 175, 183; Clegg v. Gulf, C. & S. F. R. Co., 104 Texas 280, 283, 137 S. W. 109; Laird v. Ivens, 45 Texas 621; Rice v. Ward, 93 Texas 532, 56 S. W. 747.

■ Our statutes, Articles 3738 to 3769c, inclusive, prescribe the practice to be followed in taking depositions. Article 3746

names those who may execute a commission to take a deposition within this State. They are the clerk of the district court, any judge or clerk of the county court, and any notary public of the proper county. The statute makes no provision for the appointment of a Master in Chancery or a Special Commissioner to take the deposition of a witness. Since the right to take a deposition is purely statutory, and since the statutes names those who may take a deposition, it would seem that this is exclusive; and that one not so named in the statute would be without authority to execute a commission to take a deposition. Consequently the Master in Chancery or Special Commissioner appointed by the court in this instance had no authority to take the deposition of the relator. It necessarily follows that he had no right to order the attachment of the relator for his refusal to appear and give his deposition.

■ The fact that the parties to the suit agreed to the appointment of the Master in Chancery or Special Commissioner to take the deposition of relator might be sufficient to bind the parties to the suit and thereby make the deposition, when so taken, admissible in evidence against them; but an agreement of the parties would not be extended so as to authorize such Master in Chancery or Special Commissioner to deprive the relator of his liberty, even though relator was an employee of one of the parties to the agreement, for jurisdiction to thus imprison a person cannot be so conferred by agreement. The relator's liberty was a matter personal to him, and no one had a right to barter it away. The fact that the relator had promised on a previous occasion to give his deposition before the party appointed by the court is likewise immaterial. His promise was without consideration and could be withdrawn by him at any time; but even if otherwise, he could not be imprisoned for a breach of such promise.

■ Article 3754, Revised Statutes, provides as follows:

"Any person may be compelled to appear and depose, as provided by this law, in the same manner as witnesses may be compelled to appear and testify in court; provided, that when such depositions are to be taken at a point more than one hundred miles distant from the court where the suit is pending, the party to whom such notice is given may, by notice to the adverse party or his attorney, require the deposition to be taken upon commission and written interrogatories, unless the judge or court before whom said suit is pending shall, upon proper application, after notice, made either in term time or vacation,

otherwise direct." This statute is not intended to clothe the court with authority to designate others than those named in the statute to take a deposition. It merely authorizes the court, after a hearing and upon a proper showing, to require the deposition to be taken orally, even though it is to be taken at a point more than one hundred miles distant from the court where the suit is pending.

Article 2320, Revised Statutes, authorizes the appointment of a Master in Chancery in a receivership proceeding, but no question of receivership is involved in either of the cases here under consideration, and consequently said statute is not applicable.

The relator is ordered discharged.

Opinion delivered April 16, 1941.

Associate Justice Critz not sitting.