### EUBANKS v. STATE.

No. 9637.

Court of Civil Appeals of Texas. Austin.

May 28, 1947.

Rehearing Denied June 18, 1947.

340

Allen, Smith & Neal and Ira J. Allen, all of Houston, and L. Hamilton Lowe, of Austin, for appellant.

Price Daniel, Atty. Gen., of Texas, and J. A. Amis, Jr., Asst. Atty. Gen., for appellee.

BAUGH, Justice.

Appeal is from a default judgment in favor of the State against Eubanks for $5,000 statutory penalties, assessed under the provisions of Sec. 19, Art. 6053, Vernon's Ann.Civ.St., as amended by the 49th Legislature in 1945.

Judgment was taken on January 10, 1946. On that day appellant's attorney mailed at Houston, Texas, to the District Clerk of Travis County, an answer to the State's petition. Because of the intervening week-end, said answer was not received by said Clerk until Monday, January 13. Appellant thereafter, on January 17, filed a motion to set aside the default judgment, and for a new trial, and on January 23 an amended motion, setting up his defenses to the State's suit. Said motion was overruled, hence this appeal.

While the question of appellant's diligence in failure to answer seasonably is raised, in view of the defenses made, and the conclusions reached by us, we deem it unnecessary to discuss that issue. Suffice it to say, however, that under all the facts and circumstances shown, we do not consider such failure of appellant as intentional, nor the result of such conscious indifference and neglect, as would warrant the trial court in denying said motion on that ground.

The principal contentions made in the trial court and here are: (1) That Sec. 19 of Art. 6053, Vernon's Ann.Civ.St. Acts 1945, 49th Leg. p. 629, ch. 358, § 1, under which said penalties were invoked, is void for uncertainty; (2) that the regulations of the Railroad Commission promulgated under said Act, with violation of which appellant was charged, are also void for uncertainty; and (3) that the proof offered by the State on which the default judgment was based, will sustain, at most, a penalty for only one day's violation.

Sec. 19 of said Act provides: "Sec. 19. The failure of any person or persons, firm or corporation, municipal or otherwise, or any association engaged in manufacturing, distributing, storing, or handling such gases in this state or, manufacturing, selling, installing, using, fueling, or refueling such containers and pertinent equipment as set out in this Act, within forty-eight (48) hours after the receipt of any order of the Commission, to comply fully with this Act or any such order, rule, or regulation, shall be a violation of this Act, subjecting such person, or persons, and the officers and executives of such named concerns to a penalty of One Hundred ($100.00) Dollars for each day that they shall fail to comply with such Act; and the Attorney General is empowered to bring suit for the collection of the same in the District Court of Travis County, Texas. Acts 1920, 36th Leg., 3rd C.S., p. 18, ch. 14, § 3; Acts 1937, 45th Leg., p. 737, ch. 364; Acts 1939, 46th Leg., p. 501, § 1; Acts 1945, 49th Leg., p. 629, ch. 358, § 1."

It is an elementary rule of construction in this State that penal statutes be strictly construed; and the more severe the penalty, the more rigid the construction. Bevill v. Young, Tex.Civ.App., 167 S.W.2d 573, writ refused; 39 Tex.Jur., § 146, p. 276. And such statutes, to meet the requirements of the constitution, must

be sufficiently definite, clear, and unambiguous that those subject to their provisions may know with reasonable certainty what they mean and who is liable to punishment for their infraction. Missouri K. & T. Ry. Co. v. State, 100 Tex. 420, 100 S.W. 766; Sheppard v. Giebel, Tex.Civ.App., 110 S.W. 2d 166; Railroad Comm. v. F. W. & D. C. Ry. Co., Tex.Civ.App., 161 S.W.2d 560, writ refused.

■ The Act here involved renders the violator subject to having his license to do business revoked, his operation completely enjoined, a fine under Sec. 5 thereof, and the penalties prescribed in Sec. 19. Such is the severity of the Act.

If a dealer in liquid petroleum gas violates such Act, or the regulations of the Commission, he may be summarily prosecuted under Sec. 5 without being given advance notice thereof, or any period of grace in which to comply. Not so with penalties under Sec. 19. While the provisions of Sec. 19 are penal in nature, the enforcement prescribed is by civil suit. And the condition of recovery is whether or not the defendant has failed "within forty-eight (48) hours after the receipt of any order of the Commission, to comply fully with this Act or any such order, rule, or regulation, * * *." In the instant case the record shows that the Commission had, prior to April 1, 1946, pursuant to said Title 102, Art. 6053, promulgated a comprehensive set of rules published in pamphlet form consisting of 46 pages, regulating various phases of the gas industry, a copy of which was mailed to appellant in May, 1946. Does the statute mean then that at any time in the future, after the expiration of 48 hours from the receipt of such set of regulations by appellant he was subject to penalties for violation thereof, without further notice or warning? It is not asserted that he had, prior to October 5, 1946, violated any of such regulations, received by him in May. Does the 48-hour time limit provided in said Section relate to the initial promulgation of a new rule, and apply to operations which then constituted a violation thereof; or does it mean that where a course of conduct, or an operation by a dealer is detected, which the Commission deems to be in violation of one of its regulations, the Commission must then issue an order to the alleged violator to discontinue such conduct, operation, or violation, or within 48 hours be subject, "In addition to * * * other penalties provided." (Sec. 5 of 1945 Act), to the penalties provided in Sec. 19? The statute clearly contemplates, as a condition precedent to collection of a penalty, *"receipt"* by such dealer of a Commission order, and failure to comply with it. Did the mere delivery to appellant several months before of a whole set of rules and regulations, published in pamphlet form, constitute, within the meaning of said Sec. 19, delivery to him of an "order" as that term is used in Sec. 19? It may be both justly and reasonably urged that it does not. At any rate the legislative intent cannot be said to be definite, clear and unambiguous.

It is also urged that the language of said section: "* * * subjecting such person, or persons, and the officers and executives of such named concerns, * * *" to penalties is so indefinite and uncertain as also to render this section of the Act void. The language "named concerns" obviously refers to "firm or corporation, municipal or otherwise." Thus it appears that the "named concerns" are not themselves subjected to any penalty, though a person or persons are. If a firm, corporation, or municipality violate such order or Act, only its "officers and executives" are subject to penalty. Nor does the statute undertake to prescribe or indicate who are deemed officers or executives, nor to limit recovery to a single penalty for one violation. The law requires that a corporation have a board of directors and certain other designated officers. In addition, some corporations have numerous executives. It is not clear from the language of said section whether all of them are subject to penalty; and if so whether they are jointly and/or severally liable for but a single penalty; or whether each such "officer and executive" is liable separately for $100 per day for each violation. And if only one such officer or executive of a corporation, where the "named concern" has several of each, be liable, is it left to the Railroad Commission or the State to select which

one? All these matters are not technical inquiries but reasonable and practical questions in interpreting and applying the Act; and to which the Act itself falls far short of furnishing definite, clear and unambiguous answers. Under the rules of construction laid down the authorities above cited, and a legion of others which could be cited, we conclude that Sec. 19 of said Act is void for uncertainty.

The State urges that the decision of the Supreme Court in Dudding v. Automatic Gas Co., 193 S.W.2d 517, is conclusive both as to the validity of the law and of the rules of the Commission here attacked. If Sec. 19 be void, then no penalty thereunder would lie, and the validity of such rules becomes immaterial. It may be conceded that said rules are valid, under the holding in the Dudding case, but it does not follow that Sec. 19 of said Act is also valid. The Supreme Court in that case did not pass upon the validity of Sec. 19 of the 1945 Act. The 1939 Act was the one there before the court; and the issue here involved was not raised in that case, not presented to the court, and not passed upon by the court. Hence that decision could not be stare decisis of the question here presented. See State v. Huber Corp. Tex.Civ.App., 193 S.W.2d 882, affirmed by the Supreme Court in 199 S.W.2d 501.

In no event could the judgment for 50 separate violations be sustained under the proof. The tank in question was admittedly on said premises continuously for such period of time; but it is the use thereof for an unauthorized purpose which constitutes a violation. If the tank were empty no violation occurred. It was incumbent on the State to prove illegal use thereof. The only competent proof that it ever had liquified petroleum gas in it, was the testimony of an inspector for the Railroad Commission that he found gas in said tank one day the latter part of October, 1946. Whether it contained gas on other days was not shown by competent evidence. Consequently only one day's violation was shown. However, under our conclusion that Sec. 19 of said Act is void for uncertainty and indefiniteness, no judgment against appellant thereunder could properly

be rendered; and the other issues raised become immaterial.

For the reasons stated, the judgment of the trial court is reversed and judgment here rendered for appellant.

Reversed and rendered.