ORIGINAL MANDAMUS PROCEEDING

Cynthia BURR, Relator,

v.

Honorable Frederick SHANNON, Judge
et al., Respondent.

No. B–8358.

Supreme Court of Texas.

Jan. 23, 1980.

Arturo L. Barrera, Donald S. Bayne and
Stephen G. Cochran, Legal Aid Ass'n of San
Antonio, for relator.

Robinson, Felts, Meyers, Starnes & Lat-
ting, James R. Meyers, Austin, Phill R.
Pickett, Jerry P. Heltzel, San Antonio, for
respondent.

POPE, Justice.

Cynthia Burr seeks a mandamus ordering
Judge Frederick Shannon, Judge of the
131st Judicial District Court, to set aside his
order that a tape recorded deposition must
be recorded by stenographic means by a
certified court reporter if it is to be used at
trial. We conditionally grant the writ.

Cynthia Burr instituted suit for damages
against her landlord, Marion Goodman,
alleging that Goodman converted her be-
longings and also violated the Texas Decep-
tive Trade Practices Act. Her attorney
seeks to take Goodman's oral deposition by
use of a tape recorder and to use his secre-
tary, who is a notary public, to reduce the
recording to writing for the witness' signa-
ture. After Goodman failed to appear for
the deposition, the court held a hearing and
ordered that a certified court reporter had
to take the tape recorded deposition.

Rule 215c, Texas Rules of Civil Proce-
dure, expressly authorizes the recording of
a deposition by non-stenographic means.
The rule permits an audio or video tape
recording at a deposition, but it does not
eliminate the requirement that the record-
ing be reduced to writing. The rule states
that the written record of the deposition
may be excused only upon order of the
court which Judge Shannon did not here
excuse. This is the relevant part of the
rule:

e. *The non-stenographic recording
shall not dispense with the requirement
of a written record of the deposition un-
less the court shall so order on motion
and notice before the deposition is taken,
and such order shall also make such pro-
vision concerning the manner of taking,
preserving and filing the non-stenograph-
ic recording as may be necessary to as-
sure that the recorded testimony will be
intelligible, accurate and trustworthy.
Such order shall not prevent any party
from having a written record made at his
own expense. In the event of an appeal,*

*the non-stenographic recording shall be reduced to writing.* [Emphasis added.]

When the court excuses the written record, Rule 215c requires the trial judge to make provisions for the protection of the intelligibility, accuracy and trustworthiness of the record.

The other question is whether a certified court reporter must conduct the deposition and make the written record. Article 2324b, Vernon's Texas Civil Statutes, requires the certification of court reporters, establishes the Texas Court Reporters Committee which it empowers to test, hear grievances, impose penalties, and revoke or suspend certificates. The Act provides that one who engages in shorthand reporting without a certificate is guilty of a Class A misdemeanor. Section 14 of article 2324b explicitly prohibits the use of a non-certified person to conduct an oral deposition except on a showing of the unavailability of a certified shorthand reporter:

> Oral depositions, however, may be reported by a person not certified under this Act only if the noncertified reporter delivers to the parties or their counsel present at the deposition an affidavit that no certified shorthand reporter is then available or, on stipulation on the record at the commencement of the deposition, by the parties or their counsel present at the deposition.

Section 15 of article 2324b, however, makes an exception in these words:

> Sec. 15. The provisions of this Act shall not apply to a party to the litigation involved, his attorney, or to a full-time employee of either.

The record before us shows that the full-time secretary for Cynthia Burr's attorney is a notary public, and as such she is authorized by the exception stated in section 15 to take the deposition and make the record. When that procedure, however, is followed, the trial court may, and Judge Shannon on our remand shall be free to provide for the protection of the parties and deponents. Subdivision d of Rule 215c provides that, upon motion, the court may make protective orders under Rule 186b to assure that justice is done in the conduct of non-stenographic depositions. A motion and protective order should be made when a non-certified reporter is used.

We grant the mandamus, but withhold its issuance on condition that Judge Shannon will set aside his order denying the motion for taking the deposition in question in the manner stated. The mandamus will issue only if Judge Shannon does not set aside his order.

GARWOOD, J., not sitting.