

# The Attorney General of Texas

May 2, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bill M. White
Criminal District Attorney
Bexar County Courthouse
San Antonio, Texas 78205

Opinion No. MW-178

Re: Whether a professional corporation or professional association may make a campaign contribution.

Dear Mr. White:

You have requested our opinion as to whether a professional association or professional corporation may make a campaign contribution.

Article 14.06(A) of the Texas Election Code provides, in pertinent part:

> Except to the extent permitted in Section 317, Texas Election Code, it is unlawful for any corporation, as defined in this Act, to make a contribution or expenditure, as defined in Section 237 of this code. . . .

Corporations that make such unlawful gifts and officers or directors who consent to such gifts are guilty of a felony of the third degree. Elec. Code. art. 14.06(F), (G). "Corporation" is defined in article 14.01(c) of the Election Code as

> every organization organized or operating under authority of the Texas Business Corporation Act or the Texas Non-Profit Corporation Act. . . .

It is suggested that professional associations and professional corporations are subject to article 14.06(A) of the Election Code by language of articles 1528e and 1528f which provides that such entities are

> . . . subject to the duties, restrictions and liabilities of other business corporations. . . .

V.T.C.S. art. 1528e, § 5 ; V.T.C.S. art. 1528f, § 25. The argument goes that one of the "duties, restrictions and liabilities" imposed on a business corporation is a prohibition against making "a contribution or expenditure," as defined in article 14.01 of the Election Code.

Other types of corporations, like professional corporations and professional associations, are organized under statutes other than the Business Corporation Act. See, e.g., Ins. Code art. 2.01 et seq. and 3.01 et seq. V.T.C.S. art. 342-301 et seq.; V.T.C.S. art. 852a, § 2.01 et seq. These organizations, such as banks, savings and loan associations and insurance companies, are specifically added to the definition of corporation in the Election Code. We believe this specific treatment of similar corporations implies that professional corporations and professional associations are not included within the definition.

The Secretary of State has issued a directive which states inter alia:

> The definition [of corporation] includes neither professional associations organized pursuant to Article 1528f nor professional corporations pursuant to Article 1528e, Vernon's Annotated Civil Statutes.

Secretary of State, Political Funds Reporting & Disclosure Directive, April 12, 1978, section II(C). See M. O'Connor, Campaign Financing in Texas, 40 Tex. B. J. 1029 (1977). The Secretary of State first issued a directive to this effect on December 31, 1975. The legislature has met twice in regular session since the promulgation of these directives and has not acted to alter the statute to achieve a different result.

Furthermore, Election Code article 14.06(A) is a penal statute, and must be strictly construed. Eubanks v. State, 203 S.W.2d 339 (Tex. Civ. App. — Austin 1947, writ ref'd). It must be sufficiently clear that those subject to its provisions may know who is liable for punishment. Id. We believe article 14.06(A) of the Election Code is unclear as to whether it applies to professional associations and corporations. It would be subject to being held void for uncertainty if applied to such organizations. Eubanks v. State, supra. Moreover, the administrative construction holds it inapplicable to them, and the legislature has met without changing the law. Consequently, we believe a professional corporation or a professional association is not prohibited by article 14.06(A) of the Election Code from making a campaign contribution.

## SUMMARY

A professional corporation organized under article 1528e, V.T.C.S., and a professional association organized pursuant to article 1528f, V.T.C.S., are not prohibited from making a campaign contribution.

Very truly yours,

MARK WHITE
Attorney General of Texas

Honorable Bill M. White  -  Page Three   (MW-178)


JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General


Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath
Jim Allison
Susan Garrison
Terry Goodman
Tom Pollan
Bruce Youngblood