Honorable Lloyd Doggett Chairman Committee on Consumer Affairs Texas State Senate P.O. Box 12068, Capitol Station Austin, Texas 78711
Re: Authority of notaries public to take written depositions
Dear Senator Doggett:
You pose the following question on behalf of the Senate Subcommittee on Consumer Affairs:
Do notaries public have the authority to take written depositions pursuant to Tex.Rev.Civ.Stat.Ann. articles 1935 and 5954, and other relevant laws?
By "written deposition," we understand you to mean a deposition taken by written questions; that is, by questions submitted to a litigant or witness in non-stenographic, written form, the answers to which are reduced to non-stenographic, written form. T.R.C.P. rule 189. An oral deposition is one whereby spoken questions are addressed to the litigant or witness and the spoken replies are recorded for later transcription. T.R.C.P. rule 199. See generally 19 Tex.Jur.2d Depositions, §§ 1-50 at 633 et seq.
Article 5954, V.T.C.S., last amended in 1975, states:
 Notaries Public shall have the same authority to take acknowledgments or proofs of written instruments, protest instruments permitted by law to be protested, administer oaths, and take depositions, as is now or may hereafter be conferred by law upon County Clerks. . . . (Emphasis added).
The other statute you cite, article 1935, V.T.C.S., provides:
 A clerk of the county court of each county shall be elected at each general election for a term of two years. Each such clerk shall be authorized to issue all marriage licenses, to administer all oaths and affirmations, and to take affidavits and depositions to be used as provided by law in any of the courts. (Emphasis added).
These statutes plainly authorize notaries to take depositions unless some other law withdraws such authority. See Ex parte Stiles, 150 S.W.2d 234 (Tex. 1941).
Other than parties to litigation, their attorneys or the full time employees of either, only official court reporters and deputy court reporters holding certificates issued by the Supreme Court of Texas may engage in the practice of shorthand reporting for use in litigation in the courts of the state, except by affidavit that no certified shorthand reporter is available, or by stipulation. V.T.C.S. art. 2324b, §§ 1, 3, 14, 15. Shorthand reporting is "the making of a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner by means of written symbols or abbreviations in shorthand or machine shorthand writing or oral stenography." Id. at § 3. But depositions need not be taken stenographically. T.R.C.P. rule 215c; Burr v. Shannon,593 S.W.2d 677 (Tex. 1980).
Notaries public have been officers authorized to take written depositions in Texas for many years. Cf. Bush v. Barron,14 S.W. 238 (Tex. 1890); Otis v. Hatfield, 235 S.W. 978 (Tex.Civ.App.-Fort Worth 1921, no writ); Missouri Pacific Railway Co. v. Baldwin,273 S.W. 834 (Tex.Comm.App. 1925); Bryan v. United States Fire Insurance Co., 456 S.W.2d 702 (Tex.Civ.App.-Corpus Christi 1970, writ ref'd n.r.e.). We do not think present law deprives them of such authority. T.R.C.P. rule 196. See 19 Tex.Jur.2d Depositions, § 25 at 654.
 SUMMARY
Notaries public have authority to take written depositions in non-stenographic form.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Bruce Youngblood Assistant Attorney General