

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 29, 1995

Honorable Don Henderson
Chair
Jurisprudence Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. DM-339

Re: Whether a "videographer" who is also a notary public may record a deposition upon oral examination (RQ-709)

Dear Senator Henderson:

You submit a letter from a constituent who asks whether section 406.016 of the Government Code, rule 202 of the Texas Rules of Civil Procedure, and Attorney General Opinion JM-110 (1983) authorize a "videographer" who is also a notary public to record a deposition upon oral examination. We understand that the videographer is not a certified shorthand reporter and that he wishes to videotape depositions that are not simultaneously recorded by a certified shorthand reporter.

Attorney General Opinion JM-110 interpreted the statutory predecessor to section 406.016 of the Government Code, now-repealed article 5954, V.T.C.S., to authorize notaries public to record *written* depositions in nonstenographic form. That opinion took great pains to distinguish such written depositions from oral depositions ("depositions upon oral examination") which must generally be recorded by a certified shorthand reporter. *See* Attorney General Opinion JM-110 (1983) at 2. Neither section 406.016 of the Government Code nor Attorney General Opinion JM-110 authorizes a "videographer" who is also a notary public to record a deposition upon oral examination.

Rule 202 of the Texas Rules of Civil Procedure provides in pertinent part as follows:

> 1. Non-Stenographic Recording. Any party may cause the testimony and other available evidence at a deposition upon oral examination to be recorded by other than stenographic means, including videotape recordings, without leave of court, and the non-stenographic recording may be presented at trial in lieu of reading

from a stenographic transcription of the deposition, subject to the following rules:

. . . .

> e. *The non-stenographic recording shall not dispense with the requirement of a stenographic transcription of the deposition unless the court shall so order* on motion and notice before the deposition is taken, and such order shall also make such provision concerning the manner of taking, preserving and filing the non-stenographic recording as may be necessary to assure that the recorded testimony will be intelligible, accurate and trustworthy. Such order shall not prevent any party from having a stenographic transcription made at his own expense. In the event of an appeal, the non-stenographic recording shall be reduced to writing. [Emphasis added.]

With the exception of subpart (e), rule 202 requires that both a stenographic transcription and a nonstenographic recording be made. Clearly, the rule contemplates that the stenographic transcription will be made by a certified shorthand reporter (or otherwise qualified person). It imposes no requirements for the person making the nonstenographic recording, however. Thus, we believe that any person may make a nonstenographic recording if a certified shorthand reporter makes a stenographic transcription simultaneously. Subpart (e), on the other hand, allows a court to order that a non-stenographic recording will dispense with a stenographic transcription. The constituent suggests that rule 202(e) authorizes a videographer who is a notary public but not a certified shorthand reporter to make a nonstenographic recording that is the sole recording of the deposition. We believe, however, that rule 202(e) is inconsistent with newly enacted section 52.021(f) of the Government Code.

Section 52.021(f) provides as follows:

> Except as provided by Section 52.031 and by Section 20.001, Civil Practice and Remedies Code, all depositions conducted in this state must be recorded by a certified shorthand reporter.

The legislature added subsection (f) to section 52.021 in 1993. Act of May 20, 1993, 73d Leg., R.S., ch. 1037, § 2, 1993 Tex. Sess. Law Serv. 4453, 4453-54. Section 20.001 of the Civil Practice and Remedies Code, referred to in subsection (f), provides for the taking of depositions upon written questions by certain persons. *See* Civ. Prac. & Rem. Code § 20.001(a), *as amended by* Act of May 20, 1993, 73d Leg., R.S., ch. 1037, § 4, 1993 Tex. Sess. Law Serv. 4453, 4454. Section 52.031(b) of the Government Code provides

for the reporting of a deposition upon oral examination by a noncertified shorthand reporter if a certified shorthand reporter is not available.[1]  Neither of these two exceptions is applicable here.[2]

In Attorney General Opinion DM-308 (1994) and Letter Opinion No. 93-110 (1993), this office construed section 52.021(f) to require that all depositions upon oral examination conducted in this state be recorded by a certified shorthand reporter, except as authorized by section 52.031(b).  Reasoning that tape recording is not a method of shorthand reporting and that a person who uses such a method does not act as a certified shorthand reporter, we concluded recording of a deposition upon oral examination only by tape recorder would run afoul of section 52.021(f).  Letter Opinion No. 93-110 (1993) at 3-4.

In Attorney General Opinion DM-308, we concluded that to the extent that rule 166c of the Texas Rules of Civil Procedure permits parties to stipulate that a deposition upon oral examination be recorded by a person other than a certified shorthand reporter, it conflicts with subsection (f) of section 52.021 of the Government Code.  As noted in that opinion, it is a well-established principle of statutory construction that when a rule of civil procedure promulgated by the Texas Supreme Court conflicts with a statute, the rule must yield.  Attorney General Opinion DM-308 (1994) at 2 (citing *Few v. Charter Oak Fire Ins. Co.*, 463 S.W.2d 424 (Tex. 1971); *Purolator Armored, Inc. v. Railroad Comm'n*, 662 S.W.2d 700, 702-03 n.4 (Tex. Civ. App.--Austin 1983, no writ); *Drake v. Muse, Currie & Kohen*, 532 S.W.2d 369, 372 (Tex. Civ. App.--Dallas 1975, writ ref'd n.r.e.); *C. E. Duke's Wrecker Serv., Inc. v. Oakley*, 526 S.W.2d 228 (Tex. Civ. App.--Houston [1st Dist.] 1975, writ ref'd n.r.e.)); *see also* Tex. Const. art. V, § 31 (providing that supreme court shall promulgate rules of civil procedure for all courts not inconsistent with laws of state).

---

[1]Except as provided by section 52.031, a person who engages in shorthand reporting in violation of section 52.021 commits an offense punishable as a Class A misdemeanor.  Gov't Code § 52.032(a), *as amended by* Act of May 20, 1993, 73d Leg., R.S., ch. 1037, § 3, 1993 Tex. Sess. Law Serv. 4453, 4454.

[2]Section 52.033 of the Government Code provides that chapter 52 does not apply to a party to the litigation, the attorney of the party, or a full-time employee of a party or a party's attorney.  *Burr v. Shannon*, 593 S.W.2d 677 (Tex. 1980), which holds that that a notary public who is not a certified shorthand reporter is authorized to tape record and make a written record of a deposition upon oral examination, is distinguishable because the notary public in that case was the secretary of a party's attorney and thus was exempted from chapter 52 by virtue of section 52.033.  We do not consider the relationship between section 52.033 and section 52.021(f).

Here, we believe that rule 202(e), to the extent it authorizes a court to permit parties to dispense with a stenographic transcription, conflicts irreconcilably with section 52.021(f) of the Government Code.[3] Rule 202(e) is void to the extent it conflicts with the statute. We are aware of no other statute[4] that would permit a videographer to make a videotape recording of a deposition upon oral examination in lieu of a stenographic transcription made by a certified shorthand reporter pursuant to an authorized method.[5]

---

[3]One might argue that the rule and the statute could be harmonized if we were to construe rule 202(e) to authorize only certified shorthand reporters to make nonstenographic, videotape recordings of depositions upon oral examination in lieu of stenographic transcriptions. We believe, however, that such a construction of Rule 202(e) is foreclosed by section 52.021 of the Government Code. Subsection (b) of section 52.021 provides that a person may not engage in shorthand reporting in this state unless the person is certified as a shorthand reporter by the supreme court. Gov't Code § 52.021(b). Subsection (c) of section 52.021 provides that a certification issued under chapter 52 of the Government Code must be for one or more methods of shorthand reporting, namely written shorthand, machine shorthand, oral stenography, or "any other method of shorthand reporting authorized by the supreme court." *Id.* § 52.021(c); *see also* Texas Supreme Court Standards and Rules for Certification of Certified Shorthand Reporters pt. I(C) (unpublished, on file with the Court Reporters Certification Board); Attorney General Letter Opinion No. 93-110 (1993) (noting that Texas Supreme Court has not adopted rules authorizing electronic recording as shorthand reporting method). Our conclusion in Letter Opinion No. 93-110 that tape recording is not a method of shorthand reporting and that a person who uses such a method does not act as a certified shorthand reporter is equally applicable to videotape recording.

[4]Subsection (e) of section 52.021 of the Government Code provides that "[n]othing in this subsection shall be construed to either sanction or prohibit the use of electronic court recording equipment operated by a noncertified court reporter pursuant and according to rules adopted or approved by the supreme court." In Letter Opinion 93-110, this office concluded that this language is intended to ensure that the prohibition in the first part of the subsection, precluding a person who is not a certified shorthand reporter from holding himself or herself out as such, does not interfere with local court rules permitting electronic recording of court proceedings. *See* Letter Opinion No. 93-110 (1993) at 2. This language does not permit a videographer to make a videotape of a deposition upon oral examination in lieu of a stenographic transcription.

[5]"It is well settled that the taking of testimony by deposition is a departure from the common-law rules of evidence and that the right to so take a deposition depends entirely upon statutory provisions therefor. Thus, the rule in Texas is that the right to take the deposition of a witness depends entirely on the statutes, and the provisions of the statutes must be strictly complied with." *Garza v. Serrato*, 699 S.W.2d 275, 278 (Tex. App.–[4th Dist.] 1985, writ ref'd n.r.e.) (citing *Ex parte Stiles*, 150 S.W.2d 234 (Tex. 1941)).

## S U M M A R Y

Neither section 406.016 of the Government Code, rule 202 of the Texas Rules of Civil Procedure, nor Attorney General Opinion JM-110 (1983) permits a "videographer" who is also a notary public, but who is not a certified shorthand reporter, to make a videotape recording of a deposition upon oral examination in lieu of a stenographic transcription made by a certified shorthand reporter pursuant to an authorized method. Rule 202(e), to the extent it authorizes a court to permit parties to dispense with a stenographic transcription, conflicts irreconcilably with section 52.021(f) of the Government Code. Rule 202(e) is void to the extent it conflicts with the statute. Any person may make a videotape recording of a deposition upon oral examination if a certified shorthand reporter simultaneously makes a stenographic transcription pursuant to an authorized method.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General