May 14, 2012

The Honorable Ben Woodward
Chair, Court Reporters Certification Board
205 West Fourteenth Street, Suite 101
Austin, Texas   78701

Opinion No.  GA-0928

Re:  Whether and to what extent depositions can be recorded solely by non-stenographic means (RQ-0993-GA)

Dear Judge Woodward:

You seek an opinion addressing whether "an oral deposition meant for use in litigation in the courts of this state [can] be recorded solely by non-stenographic means."[1]  Your question arises due to a perceived conflict between a rule of civil procedure adopted by the Texas Supreme Court and a provision of the Government Code.  Request Letter at 1–2.

Texas Rule of Civil Procedure 199.1, adopted by the Texas Supreme Court in 1998, states, in relevant part:

> (c) *Nonstenographic Recording.*  Any party may cause a deposition upon oral examination to be recorded by other than stenographic means, including videotape recording. . . .   At least five days prior to the deposition, the party must serve on the witness and all parties a notice . . . that the deposition will be recorded by other than stenographic means.   This notice must state the method of nonstenographic recording to be used and *whether the deposition will also be recorded stenographically.*

TEX. R. CIV. P. 199.1(c) (emphasis added).  Thus, the rule allows a party to record an oral deposition solely by non-stenographic means.

Subsection 52.021(f) of the Government Code generally requires that "all depositions conducted in this state must be recorded by a certified shorthand reporter." TEX. GOV'T CODE ANN.

---

[1]Letter from Honorable Ben Woodward, Chair, Court Reporters Certification Bd., to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Aug. 31, 2011), http://www.texasattorneygeneral.gov/opin ("Request Letter").

§ 52.021(f) (West 2005).[2] For purposes of chapter 52 of the Government Code, the Legislature defines a "shorthand reporter" as "a person who engages in shorthand reporting," and it defines "shorthand reporting" as "the practice of shorthand reporting for use in litigation in the courts of this state by making a verbatim record of an oral court proceeding, deposition, or proceeding before a grand jury, referee, or court commissioner using written symbols in shorthand, machine shorthand, or oral stenography."[3] *Id.* § 52.001(a)(4)–(5) (West Supp. 2011).

Important in analyzing subsection 52.021(f), however, is the exception found in section 52.033 of the Government Code:

> This chapter does not apply to:
>
> (1)   a party to the litigation involved;
>
> (2)   the attorney of the party;
>
> (3)   a full-time employee of a party or a party's attorney.[4]

*Id.* § 52.033 (West 2005). The Texas Supreme Court has construed this language to mean that litigants or lawyers may notice an oral deposition to be recorded non-stenographically and have their secretary record the proceeding by audiotape or videotape. *See Burr v. Shannon*, 593 S.W.2d 677, 677–78 (Tex. 1980) (orig. proceeding) (addressing the predecessor statute to section 52.033).

When construing rules and statutes, "they must be interpreted so as to harmonize and give effect, if possible, to all of their parts." *Owens-Illinois Inc. v. Chatham*, 899 S.W.2d 722, 732 (Tex. App.—Houston [14 Dist.] 1995, writ dism'd). Construing Rule 199.1 in light of Government Code sections 52.021 and 52.033, the individuals authorized to make a non-stenographic recording are (1) a party to the litigation; (2) the attorney of the party; or (3) a full-time employee of a party or a party's attorney.[5] TEX. GOV'T CODE ANN. § 52.033 (West 2005); TEX. R. CIV. P. 199.1; *see also* TEX. R. CIV. P. 203.6(a) ("A nonstenographic recording . . . may be used to the same extent as a

---

[2]Section 52.021(f) lists two exceptions to this general rule: (1) section 52.031of the Government Code, which allows a noncertified shorthand reporter to be employed under certain circumstances when a certified shorthand reporter is unavailable; and (2) section 20.001 of the Civil Practices and Remedies Code, which allows depositions on written questions and depositions of witnesses outside the state to be taken by various individuals other than certified shorthand reporters. TEX. GOV'T CODE ANN. §§ 52.021(f), 52.031 (West 2005); TEX. CIV. PRAC. & REM. CODE ANN. § 20.001 (West 2008).

[3]We find no statutory definition for "stenography." However, the common meaning of "stenography" is "the action or process of writing in shorthand or taking dictation." NEW OXFORD AMERICAN DICTIONARY 1669 (2001).

[4]Both sections 52.021 and 52.033 are found in chapter 52, subchapter C of the Texas Government Code. *See* TEX. GOV'T CODE ANN. §§ 52.021, 52.033 (West 2005).

[5]We note that in circumstances where a stenographic recording is already being made, individuals beyond these three categories may also make a non-stenographic recording.

deposition taken by stenographic means.").  These individuals may record a deposition solely by non-stenographic means without violating Government Code section 52.021(f).

Because we do not find a conflict between Rule of Civil Procedure 199.1 and Government Code section 52.021(f), we do not address your concerns about whether the Texas Supreme Court followed the procedure in Texas Government Code section 22.004 to repeal a statute or whether the requirement in section 52.021(f) is procedural or substantive.  *See* Request Letter at 4.[6]

---

[6]You note two prior attorney general opinions that similarly addressed non-stenographic recordings.  Request Letter at 2–3; Tex. Att'y Gen. Op. Nos. DM-339 (1995) at 4 (concluding that former Rule 202(e) is void to the extent that it permits parties to dispense with a stenographic transcription), DM-308 (1994) at 2 (concluding that former Rule 166c is invalid to the extent that it permits parties to stipulate that a deposition may be taken by a person other than a certified shorthand reporter).  Those opinions addressed different rules of procedure that have since been repealed, and neither opinion addressed the interaction of Government Code sections 52.021(f) and 52.033.

**S U M M A R Y**

Construing Rule of Civil Procedure 199.1 in harmony with Government Code sections 52.021 and 52.033, a party to litigation, the attorney of the party, or a full-time employee of a party or a party's attorney may record a deposition solely by non-stenographic means without violating Government Code section 52.021(f).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee